IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER VICKERS,              )
                                  )
        Petitioner,               )
                                  )
v.                                )      Case No. CIV 12-035-RAW-KEW
                                  )
MIKE ADDISON, Warden,             )
                                  )
        Respondent.               )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, is challenging his convictions and sentences in Pittsburg County District Court Case No. 2007-467 for two counts of Shooting with Intent to Kill (Counts 1 and 2), Possession of a Firearm After Conviction of a Felony (Count 3), Attempting to Elude a Police Officer (Count 4), and Possession of Stolen Property (Count 5).

### Motion for Appointment of Counsel or Guardian Ad Litem

As an initial matter, petitioner has filed a motion requesting the court to appoint counsel or a guardian ad litem to assist in this habeas corpus action [Docket No. 6]. He bears the burden of convincing the court that his claims have sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). Petitioner asserts he is incarcerated in the mental health unit of his facility with more restrictions than the general population, and he is "mentally and emotionally capricious, often befuddled with demons."

The court has carefully reviewed the merits of petitioner's claim, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering petitioner's ability to present his claims and the complexity of the legal issues

raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Regarding the request for appointment of a guardian ad litem, Rule 17(c) of the Federal Rules of Civil Procedure provides that "[t]he court must appoint a guardian ad litem --or issue another appropriate order--to protect . . . [an] incompetent person who is unrepresented in an action." The record shows petitioner was found incompetent on September 4, 2007, in Case No. 2007-467. On November 29, 2007, however, the parties stipulated to his competency, and the trial court found him competent to enter his pleas.

Although another inmate has assisted petitioner with his pleadings in this habeas action, he has been able to prosecute this action to date, and as will be discussed below, his habeas claims are unexhausted. The motion, therefore, is denied.

## Habeas Corpus Claims

Petitioner raises the following ten grounds for relief:

I. The side effects or potential side effects of petitioner's forced medications were not listed, so the trial judge did not have all the information to determine petitioner's competency.

II. Appellate counsel failed to raise a claim that the law required the trial court to be advised of all side effects of medications given by force.

III. Guilty pleas were unlawfully induced or not made voluntarily with the understanding of the nature of the charge or consequences of the plea.

IV. The convictions were obtained while petitioner was mentally incompetent, and petitioner was forcibly medicated and overmedicated by the court's order.

V. The convictions were obtained by use of coerced confessions, and an evaluation of petitioner's competency for trial was not conducted.

VI. The convictions were obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to petitioner concerning the side effects of petitioner's forced medications.

VII. The convictions were obtained by the knowing use of perjured testimony. Trial counsel coerced petitioner into entering "no" under

    medications on his plea agreement, when he was forcibly heavily medicated.

VIII. Petitioner's sentences are cruel and unusual, because he should have been sent to a mental health facility instead of prison.

IX. The two convictions for Shooting with Intent to Kill violated the prohibition against multiple punishments.

X. Petitioner was denied the effective assistance of trial counsel.

Petitioner also has filed a motion to amend his petition to add a claim that the district court lacked jurisdiction to accept his plea agreements, because of the "two-judge rule," and because he was not receiving the necessary medication to bring him to competency [Docket No. 17]. In addition, he apparently is alleging he did not receive an impartial hearing to withdraw his pleas. He asserts these claims were presented and denied in his secondary post-conviction application.

The respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies and has submitted the following documents in support of the motion:

A. Summary Opinion denying petitioner's application for a writ of certiorari. *Vickers v. State*, No. C-2011-286 (Okla. Crim. App. Nov. 15, 2011).

B. Petitioner's brief in his appeal of the denial of his application to withdraw pleas.

C. Order granting petitioner's application for post-conviction relief and granting him an appeal out of time. *Vickers v. State*, No. CF-2007-465 (Pittsburg County Dist. Ct. Apr. 5, 2010).

D. Order Granting Direct Appeal Out of Time. *Vickers v. State*, No. PC-2011-229 (Okla. Crim. App. Apr. 13, 2011).

The respondent alleges petitioner has not exhausted his state court remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus

3

actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that on November 29, 2007, petitioner pled guilty to the five counts in Case No. 2007-467. He subsequently filed an application to withdraw his plea, which was denied following a December 26, 2007, hearing. *Vickers v. State*, No. C-2011-286, slip op. at 1 (Okla. Crim. App. Nov. 15, 2011). The Oklahoma Court of Criminal Appeals (OCCA) granted him an appeal out of time on April 13, 2011. *Id.* at 1-2. He then filed a petition for a writ of certiorari with the OCCA, raising two propositions of error in support of the writ:

I. Petitioner should be allowed to withdraw his guilty pleas, which were entered when Petitioner was experiencing mental problems and was heavily medicated. Also, before the pleas were entered, trial counsel should have made a better presentation of petitioner's history of mental illness.

II. Petitioner should have been allowed to withdraw his guilty pleas, based on his confusion as to the consequences of the pleas.

*Id.* at 2. The OCCA found that relief was "not required by the law or evidence," because the record did not support his claims. *Id.* According to the plea hearing transcripts, "Vickers had a clear understanding of the charges, his rights, the potential sentences, and the terms of the negotiated plea deal." *Id.* at 2-3. "Vickers was found competent by an expert before he entered his plea, and the trial court observed him to be competent at the time he entered his plea." *Id.* at 3.

Petitioner alleged in his petition for a writ of certiorari that before the pleas were entered, counsel should have made a better presentation of petitioner's history of mental

4

illness. *Id.* at 4. The OCCA found, however, that counsel was not ineffective, because petitioner had not shown "he was prejudiced by counsel's unreasonable performance, that counsel's constitutionally ineffective performance affected the outcome of the plea process, and that without counsel's errors there is a reasonable probability that [he] would have gone to trial rather than enter a plea." *Id.* at 4 (citations omitted). The OCCA further found there was no abuse of discretion when the trial court denied petitioner's application to withdraw his plea, because the record did not support his claim that he was confused about the consequences of the plea. *Id.*

Although petitioner claims in this habeas petition that all state remedies are exhausted, it is clear he only raised habeas Grounds I and III in his certiorari appeal to the OCCA. This habeas petition raises a claim of ineffective assistance of counsel regarding petitioner's mental health history, and petitioner also claims counsel was ineffective in coercing him to enter a guilty plea and for failing to file an appeal on his behalf. The ineffective counsel claims in the habeas petition and the certiorari appeal are significantly different, so this claim is unexhausted. *See Smallwood v. v Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

On January 19, 2012, petitioner filed an application for post-conviction relief in the trial court, which was denied on May 29, 2012. On May 31, 2012, the trial court found that petitioner's application for secondary post-conviction relief, filed on May 21, 2012, was moot. Petitioner appealed the denial of his initial post-conviction application the OCCA on July 6, 2012, and that appeal is pending in Case No. PC-2012-595. *See* http://www.oscn.net. He has not appealed the denial of his secondary post-conviction application, but pursuant to Rule 5.2(A) and Rule 2.1(E) of the Rules of the Oklahoma Court of Criminal Appeals, he may file in the trial court an application for appeal out of time to meet his exhaustion requirements. *See Banks v. State*, 953 P.2d 344, 346-47 (Okla. Crim. App. 1998).

When a habeas petition contains both exhausted and unexhausted claims, the court has four options. The court may

(1) dismiss the mixed petition in its entirety, *Rhines v. Weber*, 544 U.S. 269,

5

> 274 (2005); (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

The respondent asserts that a stay and abeyance is not necessary, because the statute of limitations will be tolled during the pendency of petitioner's post-conviction proceedings. *See Burger v. Scott*, 317 F.3d 1133, 1142 (10th Cir. 2003). After careful review, the court finds a stay is not warranted as petitioner has not shown "there was good cause for [his] failure to exhaust his claims in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Therefore, the OCCA should be given the opportunity to address petitioner's unexhausted claims. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

**ACCORDINGLY,** petitioner's motion for appointment of counsel or guardian ad litem [Docket No. 6] is DENIED, the respondent's motion to dismiss for failure to exhaust state court remedies [Docket No. 8] is GRANTED, all other pending motions are DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 27th day of August 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**

6